IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, #K75759, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01364-SMY |
| ) | |
| JEFFREY D. SPENCER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Gregory Jones filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from an allegedly unfair disciplinary action against him at Pinckneyville Correctional Center. (Doc. 20). He seeks monetary and injunctive relief in the form of an order terminating Adjustment Committee Chairperson Jeffrey Spencer and reversing all guilty findings against Plaintiff. *Id*. The Second Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 20): On April 6, 2023, Plaintiff received a false disciplinary ticket for failing to open his property box for inspection because he was asleep. *Id*. at 10, 16. He was cited for a violation of DR 504: #404 – Violation of Rules. *Id*. at 16. The Disciplinary Report indicates that Plaintiff violated Institutional Rule #16, which provides: "Property boxes will be checked in the morning after the 7:15 a.m. count. Individuals in custody are to be up and alert. All property is to be in open boxes until after

check is done except for exempt items." *Id*. at 10.  The Disciplinary Report further states that an R/O stopped by Plaintiff's cell around 7:30 a.m., knocked on the door several times, and verbally announced box checks, but Plaintiff was asleep.  *Id*.

A Final Summary Report indicates that a disciplinary hearing took place before Pinckneyville's Adjustment Committee on April 19, 2023.  *Id*. at 11.  Plaintiff attended the disciplinary hearing, requested no witnesses, and pleaded guilty to the rule violation.  He was found guilty of the rule violation and punished with a verbal reprimand.  Chairperson Spencer signed the Final Summary Report on April 19, 2023, and "B.M." served Plaintiff with the Final Summary Report on July 18, 2023.  *Id*.

Chairperson Spencer made false statements in the Final Summary Report.  There was no disciplinary hearing, no opportunity to be heard, no opportunity to call witnesses,[1] no admission of guilt, and no due process before he was found guilty.  *Id*.  Because the State's Attorney uses false tickets as challenging instruments against clemency and other post-conviction relief, the guilty finding should be reversed.  Plaintiff also seeks reversal of *all* guilty findings against him because due process violations are a routine practice in disciplinary proceedings at Pinckneyville. *Id*.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Second Amended Complaint:

> Count 1:   Fourteenth Amendment claim against Defendant for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with a verbal reprimand for a false disciplinary ticket that faulted him for sleeping through a property box inspection on or around April 6, 2023.

---

[1] Along with the Second Amended Complaint, Plaintiff included affidavits from those individuals he wanted to testify as witnesses at his disciplinary hearing.  Doc. 20, pp. 17-19.  Had they been given an opportunity to testify, Plaintiff argues that he would have been found not guilty of any rule violation.  *Id*. at 16.

2

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

To articulate a due process claim in the prison disciplinary context, Plaintiff must plead facts suggesting (1) the existence of a constitutionally protected liberty interest that triggers the right to due process of law; and (2) deficient procedures in connection with the deprivation of that interest. *Lisle v. Welborn*, 933 F.3d 705, 720 (2019); *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). The question is "whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). A protected liberty interest is implicated where a plaintiff suffers punishment that amounts to an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *See Croom v. Schoenbeck*, App. No. 24-1875, 2025 WL 957898, at *1 (7th Cir. March 31, 2025) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff's punishment with a verbal reprimand imposed neither an atypical nor significant hardship on the inmate and thus implicates no protected liberty interest. *See Hall v. Ryan*, 2006 WL 2927585 (S.D. Ill. Oct. 12 2006) (no protected liberty interest implicated by verbal reprimand). Plaintiff's concerns about the impact of this ticket on future petitions for clemency or post-conviction relief are speculative and exceed the scope of this action. Because no constitutionally protected interest was at stake, Plaintiff was not entitled to due process protections under the Fourteenth Amendment.

## Disposition

The Second Amended Complaint (Doc. 20) and this action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted against Defendant

**JEFFREY SPENCER**.  Plaintiff's Motion for Status and Motion to Go Forward (Doc. 23) is **TERMINATED**. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the appellate filing fee of $605.00 irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   May 14, 2025**               *s/ Staci M. Yandle*
                                       **STACI M. YANDLE**
                                       **United States District Judge**